# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CHRISTINE MCLAUGHLIN, Individually
and on behalf of all others similarly situated,

     Plaintiff,

                                     Case No:

v.

SELECT REHABILITATION LLC,

     Defendant.

_____.

## FLSA SECTION 216B COLLECTIVE ACTION COMPLAINT FOR OVERTIME WAGES

Plaintiff, CHRISTINE MCLAUGHLIN (hereinafter as "Mclaughlin" or "Plaintiff"), individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, pursuant to 29 U.S.C. 216(b), of the Fair Labor Standards Act (the "FLSA") sues Defendant, SELECT REHABILITATION LLC (hereinafter as "SRLLC" and/or "Defendant") for violations of the FLSA and states as follows:

## INTRODUCTION

1.     Defendant in this case has willfully FAILED to pay overtime wages to hourly-paid, non-exempt Program Managers and other hourly paid employees working under various job titles who have been permitted to suffer to work off the clock in order to fulfill and handle required job duties and responsibilities in

positions where Defendant knows such employees working in these positions were working off the clock, overtime hours in efforts to meet all company expectations and job requirements and avoid suffering disciplinary action, including but not limited to termination of their employment.  All the members of the putative class proposed herein were paid on an hourly, non-exempt status.

2.      Plaintiff herein commences this legal action collectively against Defendant for willful violations of federal wage and hour laws by and related regulations on behalf of all similarly situated current and former employees of Defendant who worked anytime in the preceding three (3) years to the present and continuing.

3.      Pursuant to national, common policy and plan, Plaintiff and the class of similarly situated current and former employees, have worked under the titles of Program Manager (hereinafter "PM") or other job titles used to describe persons performing similar, hourly, non-exempt management positions working from approximately 1827 or more locations or offices in 43 states in the United States of America and its territories.

4.      Defendant is no stranger to the claims of the Plaintiff and all others who eventually opt into this action and consent to join as party plaintiffs given the related California Class action lawsuit already commenced against it this year, styled:  *RATI GANDHALES, V.  SELECT REBILATIONS LLC, Case N0 20CV002240, in the Superior Court of the State of California, County of Monterey.*

5.     Plaintiff, and the class of similarly situated employees, were unlawfully not compensated a premium for all hours worked over forty (40) in each and every workweek by a scheme and plan of Defendant to evade the overtime wage laws and save many millions of dollars in labor costs to the detriment and harm of Plaintiff and all other similarly situated present and former employees.

6.     While Defendant did have some system for hourly employees to clock in and out their work hours, Defendant maintained a policy as many employers do that "overtime" has to be pre-approved; meanwhile, and simultaneously, maintained a De Facto policy that all such employees are to "do whatever it takes to get the job done" and complete all their job duties including working off the clock as needed and required.

7.     Defendant absolutely and indisputably knows that Program Managers and others performing similar duties under various job titles routinely worked overtime hours off the clock.

8.     Not only were managers, directors and/or supervisors well informed of these additional off the clock hours being performed, and thus had actual knowledge, but managers and/or directors and others in management encouraged and even pressured program managers and therapists to work as many overtime hours as needed off the clock to meet productivity goals, and to complete all their job duties and required reporting forms and medical notes.

9.     Defendant's managers and superiors over the Plaintiff and those similarly situated in the proposed putative class who themselves had worked in these same positions, also worked overtime hours off the clock and thus are well aware that working more than 40 hours in the workweek was necessary to complete these job duties and responsibilities, and to avoid the risk termination of their employment.

10.     Moreover, Defendant here never foreclosed Plaintiff and all others similarly situated from accessing the office, computer systems and data bases outside the standard or regular business hours or on weekends to prevent and preclude off the clock work.

11.     Indeed, Defendant knew that Plaintiff and all others similarly situated routinely assessed systems, databases and programs, including emails while off the clock and away from the office.  .

12.     Defendant simply turned a "blind eye" to all the off the clock work for numerous reasons, while pressuring, coercing, intimidating and encouraging Program Managers and therapists to work as many hours as necessary to hit their productivity goals and complete their job duties.

13.     Defendant has willfully failed to pay Plaintiff, and all similarly situated persons, in accordance with the Fair Labor Standards Act (FLSA).  Specifically, Plaintiff and the similarly situated collective or class members  were not paid time and a half of their regular rate pay for all hours worked in excess of forty (40) hours per week, nor paid a premium for all overtime hours worked.

14.     Plaintiff, and the class of similarly situated employees, did not and currently do not perform work that meets the definition of any exemption under the FLSA, and the Defendant's pay practices are not only clearly unlawful, but UNFAIR as well.

15.     Regardless, Plaintiff and all those similarly situated were not paid on a salary basis and thus not subject to the administrative or exemption exemptions under the FLSA.

16.     In this pleading, "Defendant" means the named Defendant and any other subsidiary or affiliated and wholly owned corporation, organization or entity responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

17.     The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasion.  Plaintiffs reserve all rights to plead in the alternative.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a federal question under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

19.     This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

20.     This Court has personal jurisdiction over this action under Florida 's Long Arm Statute F.S. section 48.193(2) because the Defendant continuously conducts substantial business in this District at numerous fixed offices or locations, and the damages at issue occurred in this District.  Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because the parties reside in this district and because a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

21.     Plaintiff, CHRISTINE MCLAUGHLIN resides in Jacksonville, Florida.  She was hired by Defendant in October 2019, as dual Physical Therapist and "Program Manager" (also labeled by Defendant as Program Manager - PT) and assigned to work at the Defendant's Jacksonville rehab center or office located at 7723 Jasper Avenue, Jacksonville, FL 32211; location #2209, and called and operated as "\First Coast Health & Rehab Center".

22.     Plaintiff has been paid on a semi-monthly basis (2 times per month), and strictly on an hourly pay, currently at $46.00 per hour.

23.     Plaintiff/s primary job duty as a Program Manager, aside from being required to treat patients for upwards of 4 hours per day (40% productivity)  is to perform numerous job duties assisting with the performance other administrative and duties, including any as delegated or required by as assigned by the location and regional manager.

24.     Plaintiff and the program manager position did not involve making decisions related to the hiring, firing and disciplining of employees.

25.     Plaintiff McLaughlin, like the other Program Managers, routinely worked overtime hours during the work weeks throughout their employment without regard to whether they should have been paid a premium for all the overtime hours worked.

26.     At all times material, Plaintiff, and all others similarly situated were employees of Defendant during the term of their employment and within the preceding 3 years to the present as contemplated by 29 U.S.C. § 203.

27.     Regardless, Defendant classified Plaintiff and all others similarly situated as non-exempt, hourly paid employees.

28.     Plaintiff was paid a base hourly rate of pay, and not a salary, and upon information and belief all other PM were paid as hourly, non-exempt employees.

## DEFENDANT, SELECT REHABILITATION LLC

29.     Defendant, SELECT REHABILITATION LLC. (hereinafter Defendant and/or "SRLLC"), is a Foreign (Delaware) Limited Liability Corporation, with principal place of business located at 2600 Compass Rd, Glenview, IL 60026, and who all times material hereto, has routinely and consistently conducted business in the State of Florida through its fixed numerous offices and locations, including in this district.  Defendant may be served through its Registered Agent for service of

process, CT Corporation System, at 1200 South Pine Island Road, Plantation, Florida 33324.

30. Defendant purchased and Acquired RehabCare from Kindred Healthcare, and thus is the Employer of all past and present employees of RehabCare and those employed with Kindred Healthcare prior to this purchase. See: https://www.selectrehab.com/press-releases/2020-12-01.

31. As stated by Defendant on their website, Defendant is a company which "The premier provider of contract rehabilitation, as well as for nurse and therapy consulting services" and employs over 17,000 therapists in the U.S.

32. Defendant has 2300 facilities operating in 43 States in the US, including: numerous locations in Florida and within this District.

33. Defendant is an employer within the definition of the FLSA, has revenues exceeding $500,000 annually and employs more than 2 persons.

## FACTUAL AND COLLECTIVE ALLEGATIONS

34. This collective action arises from an longstanding and continuing wrongful scheme by Defendant to: a) willfully fail to accurately and properly track and record the work hours of Program Managers and Therapists, and b) willfully refuse to pay overtime wages to a large class of non-exempt, hourly paid employees who Defendant knows or should have known, were working off the clock and working overtime hours without being paid for all such hours.

35.    Plaintiff brings this suit individually, and on behalf of all similarly situated persons composed of the following Class members:

**All persons employed as Program Managers or other persons performing similar hourly, non-exempt management or supervisory positions under various other job titles, and who are currently employed by, or were previously employed by Select Rehabilitation LLC in the U.S. and its territories, within the three years preceding the filing of this lawsuit to date of trial in this action.**

36.    Plaintiff is able to protect and represent the Collective or putative Class, and he is willing and able, and consents to doing so.  Plaintiff McLaughlin is familiar with the pay practices, company policies and procedures going back to 2019 and thus each year within the relevant class period.

37.    Plaintiff has routinely worked more than forty (40) hours in her workweeks throughout the term of her employment with Defendant.

38.    Each day, in the beginning of the work day at approximately 8:30 am, Plaintiff was required to attend mandatory meetings with the facility administrator and management team.

39.    Plaintiff was required to be present in the office at least 40 hours of work, and Monday to Friday, reporting no later than 8:30 am, and to work these hours at a minimum, not including meal break times.

40.    Plaintiff was required to meet productivity expectations for patient treatment for 40% for the week, meaning treating patients each day and 5 days a

week, as did all other Program Managers and which took the Plaintiff upwards of 20 hours per week.

41.     Thus, Plaintiff and all others similarly situated were left with just 20 hours in the workweek in which to to attend daily, weekly, and even monthly facility meetings; perform staff scheduling, be present for conference calls, partake in training newly hired staff and many other so called program manager administrative duties.

42.     All these job requirements (including others added on by the regional manager) were not possible to be performed and completed within 40 hours of work time.

43.     Defendant even required Plaintiff and all other program managers to take company work laptops home 7 days/week even while on PTO for the clear purpose of encouraging off the clock work.

44.     Plaintiff alleges for herself, and on behalf of the putative class who elect to opt-in to this action, that they are entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay as required by the FLSA at time and one half their regular rates of pay.

45.     Defendant employs, upon information and belief and investigation, an estimated 1000 or more currently employed Program Managers working from its approximate 2300 numerous offices located in 43 states, and with turnover, the class size not including California may be upwards of 1200.

46.     Upon information and belief, the Program Managers in all offices are all compensated as hourly, non-exempt employees pursuant to a single and common compensation plan.

47.     Defendant has maintained a single job description for the Program Manager position and has posted such jobs within the relevant 3 year class period demonstrating the job requirements for all program managers in the U.S. are similar, if not identical.

48.     Further, upon information and belief, all persons employed as Program Managers have been required to perform their job duties in a uniform, similar manners; and all are supervised and managed according to the same national standards and uniform policies and procedures set by the Defendant applicable to all offices or locations.

49.     All program managers within this putative class here were treated and classified by Defendant as hourly, nonexempt employees.

50.     All Program Managers were discouraged from reporting the overtime hours worked through Defendant's De Facto Policy, including pressure from superiors and by fear and intimidation about complaining of the off the clock hours and of being terminated.

51.     When Plaintiff complained of the inability to complete all job duties within a 40 hour work week, including working on weekends and outside the office

hours during the week, her manager made it clear to her to work that she either kept up and did all the work off the clock or suffer disciplinary action.

52.    When Plaintiff was behind, she could not delegate her job duties to other employees to avoid incurring overtime hours, or train others to handle aspects of her job.

53.    The company culture discouraged complaining of the overtime hours and against clocking and performing overtime work on the clock, yet being pressured and encouraged to work on weekends and as many hours as required to perform all job requirements.

54.    The Defendant maintains a companywide policy throughout the relevant three (3) year class period of willfully refusing to pay overtime wages for all overtime hours worked by program managers despite clear knowledge program managers, including plaintiff, have routinely worked overtime hours which are unreported and off the clock.

55.    Defendant maintains a strict labor budget at each office or location, and throughout Plaintiff's employment it was made clear to her, as she did on one or more occasions, that asking for the so-called pre-approval for performing overtime hours on the clock not only would just be denied, but would also draw the ire of her superior and put a target on her back for termination of her employment.

56.    Upon information and belief, all program managers are supervised by Regional Managers and/or directors and other managers, who very closely monitor

their performance, production and are aware when employees performed work on weekends or outside or away from the office and beyond regular business hours.

57.     The overtime wage provisions set forth in FLSA §207 apply to Defendant and Defendant admits the same.   Indeed, at all relevant times, Defendant's employee manual and company policies inform hourly paid employees such as plaintiff and all other program managers that they were entitled to be paid premiums for overtime hours worked at time and one half their regular rates of pay.

58.     Plaintiffs, and all other similarly situated employees are currently or have previously been covered under FLSA §207.

59.     Pursuant to FLSA §207, Defendant, as the employer of Plaintiff and other similarly situated program managers, was and is still required to pay one and one-half times each employee's hourly rate for hours worked in excess of forty (40) hours per week.

60.     Defendant's overtime policies were circular, and the proverbial chicken and egg type game of do not claim or seek to claim overtime without pre-approval, while simultaneously discouraging reporting or complaining about the overtime hours incurred and worked or having to work on weekends etc.

61.     The Company maintained a "code of silence" when it came to the issue of overtime hours and overtime wages, with literally no company meetings or discussions about the  requirements of the FLSA and meanwhile, did not discipline

Plaintiff or any other program managers they clearly knew were performing work off the clock and working away from the office, including working on weekends.

62.     Defendant maintained a culture, environment of discouraging and intimidating program managers from submitting, or reporting overtime hours worked; warning they had to find a way to do all their work and keep up, sacrificing personal time, or they would be subjected to termination of their jobs.

63.     Defendant does not presently, and has not throughout the relevant three (3) year class period, properly clocked, tracked or recorded the actual working hours of each program manager in all of their offices throughout the U.S.

64.     All program managers worked a similar schedule of five (5) days per week, typically Monday to Friday, and starting from about 8:30 a.m. until done and with program managers expected to be in the office throughout the business hours.

65.     All program managers were trained to perform their job duties and expected to perform their job duties in similar manners throughout their multiple offices.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF FLSA §207 AND DECLARATORY ACTION**</u>
<u>**PURSUANT TO 28 U.S.C. SECTIONS 2201 and 2202**</u>

66.     Plaintiff realleges and incorporates by reference paragraphs one (1) through sixty seven (67) of this Complaint and fully restates and realleges all facts and claims herein as if fully stated.

67.     Defendant has willfully and intentionally engaged in a common company pattern and practice of violating the provisions of the FLSA, by failing to pay all program managers and others performing similar job duties under various job titles, the required overtime wages and premiums for all hours worked over 40 in each and every work week.

68.     Plaintiff, and all other program managers and hourly non-exempt managers or directors routinely worked on weekends and hours away from the office and as all such time should have been counted as compensable overtime hours during any workweek that Plaintiff and all others similarly situated worked.

69.     Defendant knew that Plaintiffs and program managers routinely performed work of the clock, both in and away from the office; this work also included being on call for other staff related to scheduling and other matters in which program managers had to be able to receive and respond to emails and text messages from other employees and with no means to claim or report these hours.

70.     When Plaintiff and all other Program managers did perform such work, including sending out emails to their managers, their managers were informed and made aware of this off the clock work and demonstrated acquiescence and did not formally discipline them for doing so.

71.     Plaintiffs and other program managers had no means to report the out of the office communications sent and received, and  the related scheduling work that the company expected to be handled even on weekends.

72.     Program managers were required to use personal cell phones, have their company email on their phones and expected to respond to employees when they contacted them outside of the office.

73.     Defendant also failed to provide any real means to report these additional times and work hours, and should have been counted as compensable time.

74.     Defendant had a duty and obligation under the FLSA, and as per CFR part 516, to contemporaneously track and record all work hours of hourly non-exempt employees, including program managers and other persons performing similar roles under any job titles.

75.     As Defendant failed to institute any means to account for this required on-call time for employees to log in such communications, the process knowingly left Plaintiff, and all other similar employees, subject to working off the clock and routinely working overtime, compensable hours without being paid for all the hours worked.

76.     Defendant's conduct and actions of turning a blind eye, ignoring the fact that time sheets showing eight (8) hours every day, and forty (40) hours every week were clearly known to be inaccurate and an understatement of Plaintiff's and all other program managers actual working hours, resulted in a willful violation of the overtime wage law of Section 207 of the FLSA.

77.     Defendant's actions constitute permitting Plaintiff and all other PMs to suffer to work off the clock without being paid for all hours.

78.     The FLSA requires any employer who has actual or constructive knowledge of employees working off the clock to either cease and stop the conduct or be held liable and responsible for paying the overtime premiums for such off the clock hours, in addition to double the sum as liquidated damages.

79.     Said differently, while Defendant had a so-called policy to prevent and deter PM from working off the clock, Defendant knowingly, actively and/or constructively permitted Plaintiff and all others similarly situated to suffer to work off the clock and without being paid for all such overtime hours while reaping the benefits of their unpaid labor and sweat.

80.     The FLSA holds that such off the clock work Defendant knew of or had reasons to know but did nothing to preclude or halt, and which was encouraged and permitted is compensable overtime hours due to be paid to Plaintiff and all others similarly situated who worked overtime hours without pay during the preceding 3 years, and up through to the date of trial.

81.     Defendant maintained a De Facto Policy to discourage reporting and claiming overtime hours, but meanwhile reaped the benefits of the additional work activities and work hours of the PM and the savings in millions of dollars in labor costs.

82.     At any given time throughout the preceding 3 year period, PM and their supervisors/managers were aware of Plaintiff and other PM working off the clock and that their time sheets were inaccurate and not capturing all their work hours.

83.     Indeed, all PM, including Plaintiff were intimidated against reporting the extra compensable overtime hours and told to focus on their productivity goals and responsibilities while simultaneously being pressured to keep up or be subject to disciplinary action, including termination of their employment.

84.     The Defendant intentionally created a work environment that was oppressive, laced with fear and intimidation against reporting overtime hours and complaining about not being paid for all overtime hours, as claiming overtime hours worked would draw ire and scrutiny of management.

85.     Defendant has willfully and with reckless disregard for the requirements of the FLSA and its regulations, failed to pay Plaintiff and the Putative Class, comprised of all current and former similarly hourly, non-exempt PM (and all others in similar roles under various job titles) a premium or overtime wages for all work hours over (40) hours in one or more work weeks as mandated by FLSA §207.

86.     Defendant does not have a good faith basis for these described unlawful pay practices, such that Plaintiff and each and every member of the putative class is entitled to be paid an equal sum in overtime wages owed at rates of one and one half times their respective regular rates of pay as liquidated damages. *See* Johnson v. Big Lots Stores, Inc., 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

87.     Defendant knowingly and willfully failed to track the hours worked by Plaintiffs and the class of similarly situated employees who comprise the Putative and proposed Class.

88.     Defendant encouraged and pressured PM to work as many hours as they had to off the clock in order to handle all their job duties and responsibilities and has direct, if not constructive knowledge of PM working overtime hours.

89.     By failing to record, report, and/or preserve records of all minutes and hours worked by Plaintiff and the class of similarly situated, the Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA 29 USC 201 et. seq., including 29 USC Sec. 211(c) and 215 (a).

90.     Defendant knew or should have known that the act of permitting PM to work off the clock, including working on weekends, was insufficient and evades the wage and hour requirements of the FLSA such that a three (3) year statute of limitations applies.

91.     To summarize, Defendant has willfully and lacking in good faith, violated the FLSA by the following unlawful pay practices applicable to Plaintiff, and the class of similarly situated persons:  a) Willfully requiring PM to be on call and perform work away from the office  without a means to report this time;  b) maintaining a De Facto policy against reporting all overtime hours worked; and c)

permitting McLaughlin and all other PM to suffer to work off the clock without being paid for all hours worked.

92.    As a result of Defendant's willful violations of the FLSA, Plaintiff and the Plaintiff Class, composed of all other present and former PM and others similarly situated, have suffered economic damages by Defendant's failure to pay overtime compensation in accordance with FLSA §207.

93.    Due to Defendant's willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to 29 U.S.C. §255(a).

94.    As a result of Defendant's unlawful acts and pay practices described herein, Plaintiff and the Putative Class of all other similarly situated non-exempt employees have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b), as well as injunctive relief pursuant to 29 U.S.C. §217.

## COUNT II
## FAILURE TO MAINTAIN TRUE & ACCURATE RECORDS OF HOURS WORKED

95.    Plaintiffs adopt and reallege paragraphs 1 through 67 as if fully set forth herein.

96.     Evidence reflecting the precise number of overtime hours worked by Plaintiffs and every member of the Class, as well as the applicable compensation rates, is in the possession of Defendant.

97.      However, and to the extent records are unavailable, Plaintiff, and members of the Class, may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

98.     All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

99.     With respect to an employee subject to the FLSA provisions, the following records must be kept:

     a.    Personal information, including employee's name, home address, occupation, sex, and birth date if under nineteen (19) years of age;

     b.    Hour and day when work week begins;

     c.    Regular hourly pay rate for any week when overtime is worked;

     d.    Total hours worked each workday and each workweek;

     e.    Total daily or weekly straight-time earnings;

     f.    Total overtime pay for the workweek;

     g.    Deductions from or additions to wages;

     h.    Total wages paid each pay period; and

     i.    Date of payment and pay period covered

100.    Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist.  *See,* 29 U.S.C. § 215(a)(5); *Also See,* Dunlop v. Gray-Goto, Inc., 528 F.2d 792 (10th Cir. 1976).

101.    Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the Act.  An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked. *See,* Wirtz v. First State Abstract Ins. Co., 362 F.2d 83 (8th Cir. 1966); Boekemeier v. Fourth Universalist Soc'y, 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

102.    An employer's failure to maintain records may create a presumption in the aggrieved employee's favor.  *See,* Myers v. The Copper Cellar Corp., 192 F.3d 546, 551 n.9 (7th Cir. 1999), *citing* Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

103.    Defendant has failed to accurately and contemporaneously record, track and report the Plaintiff McLaughlin's and Class of similarly situated members', time and work hours as required under the FLSA and the related DOL regulations.

104.    Defendant has failed to make, keep and preserve records, with respect to each of its employees sufficient to determine the wages, hours and other

conditions and practices of employment in violation of 29 CFR 516.2 and 29 U.S.C. §§ 211, 216 and related laws.

**WHEREFORE,** Plaintiff CHRSTINE MCLAUGHLIN, individually, and on behalf of all other similarly situated, past and present Inside Sales Representatives, seek the following the following relief:

a.  Designation of this action as a collective action.

b.  That Plaintiff CHRSTINE MCLAUGHLIN be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present PROGRAM MANAGERS (and all other similar positions under different job titles) employed by SELECT REHABILITATION LLC., at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice for each respective class;

c.  Designate Plaintiff, CHRISTINE MCLAUGHLIN as Representative of the Collective or Class for purposes of engaging in mediation, with the authority to execute any Collective or Class settlement agreement the parties might reach, which is subject to Court's approval before making any such agreement binding.

d.  That all past and present Inside Sales Representatives be informed of the nature of this collective action, and similarly situated employee's

right to join this lawsuit if they believe that they were or are misclassified as an exempt employee;

e.  That the Court find and declare Defendant in violation of the overtime compensation provisions of the FLSA;

f.  That the Court find and declare Defendant's violations of the FLSA were and are willful;

g.  That the Court enjoin Defendant, under 29 U.S.C. § 217, from withholding future payment of overtime compensation owed to members of the Putative Class or Collective.

h.  That the Court award to Plaintiffs, CHRSTINE MCLAUGHLIN and the Plaintiff Class, comprised of all similarly situated employees, overtime compensation at a rate of one and one half time their regular rates of pay, including the value of all compensation earned, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA §216 and all other related economic losses;

i.  That the Court award Plaintiff, CHRSTINE MCLAUGHLIN and the Plaintiffs who opt into this action, recovery of their reasonable

attorneys' fees and costs and expenses of litigation pursuant to FLSA § 216, including expert fees;

j. That the Court award Plaintiff, CHRISTINE MCLAUGHLIN a Class Representative service fee award for the justice they sought out for so many and their services in this case as representatives for the putative class;

k. That the Court issue in order of judgment under 29 U.S.C 216-17, 28 U.S.C. 2201 and 2202 finding that the Defendant unlawfully and willfully violated the FLSA by failing to pay overtime wages and failing to properly and willfully failing to accurately record all hours worked of non-exempt employees, as well as issue an INJUNCTION barring the Defendant from further violating the FLSA;

l. Award Prejudgment and post-judgment interest, as provided by law: and;

m. That the Court award any other legal and equitable relief as this Court may deem appropriate, including the value of underpaid matching funds in company pension or 401k plans.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this 18TH day of January 2022.

_/s/Mitchell L. Feldman_
**Mitchell L. Feldman, Esq**
Florida Bar No. 0080349
FELDMAN LEGAL GROUP
6916 West Linebaugh Avenue, # 101
Tampa, Florida 33625
Tel: (813) 639-9366
Fax: (813) 639-9376
 Mfeldman@flandgatrialattorneys.com
Mail@feldmanlegal.us
_Attorneys for Plaintiffs and the class of_
_similarly situated_