UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTINE MCLAUGHLIN,
CRYSTAL VANDERVEEN, and
JUSTIN LEMBKE, and SCOTT
HARDT, individually and on
behalf of all others similarly situated,

        Plaintiffs,

v.                                                                              Case No: 3:22-cv-59-HES-MCR

SELECT REHABILITATION,
LLC,

        Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Amended Motion to Redact Transcript ("Motion") filed August 30, 2024 (Doc. 352), and Plaintiffs' response thereto ("Response") (Doc. 364). Upon consideration and as explained herein, the Motion is due to be **DENIED.**

    **I.**    **Introduction**

Redaction requests regarding the transcript of the July 24, 2024 evidentiary hearing ("Hearing") before Judge Schlesinger were due on August 19, 2024. (Doc. 332.) Defendants filed their Motion to Redact on

August 16, 2024; however, this Court denied such because the Motion lacked both a conferral certification under Local Rule 3.01(g)) and a legal memorandum under Local Rule 3.01(a). (Docs. 338, 347.) Thereafter, Defendants filed the present Motion on August 30, 2024, to which Plaintiffs responded in opposition on September 13, 2024. (Docs. 352, 364.) The release of the redacted transcript is set for October 28, 2024. (Doc. 332.)

      a. <u>Defendant's Motion</u>

In its Motion, Defendant enumerates twenty-four redaction requests, claiming that the identified information is "Confidential" Testimony or Data, "Competitively Sensitive Information," or "Misstatements of Fact" (Doc. 352 at 4 – 5.) Defendant argues that:

> The specific information regarding what information Select can or cannot access in its computer system, as well as information regarding how Select's system is configured and how the information might be searched, is highly confidential, competitively-sensitive and non-public information.
>
> [T]he design, structure and tables used in [Defendant's] computer systems are proprietary, confidential and trade secret[s].
>
> [The] discussion and information concerning [Defendant's] contractual relationship with its outside, third-party software vendor (Net Health), which [is also] highly confidential, nonpublic and competitively sensitive [information.]
>
> [I]f the below enumerated portions of the Transcript are made public, [Defendant's] competitors would be able to obtain knowledge about [Defendant] that they could use to their advantage and [Defendant's] disadvantage.

(Doc. 352 at 3.)

      b. Plaintiffs' Response

In its Response, Plaintiffs explain that the Motion should be denied because Defendant's have failed to show good cause. (Doc. 364 at 1.) Plaintiffs assert that Defendant cannot rely "upon broad generalizations and conclusory statements about the need for redaction," disputing Defendant's reasons for redaction and offering that Defendant is "simply trying to remove large portions of the transcript . . . [that are un]favorable to its defenses." (Doc. 364 at 2.)

Specifically, Plaintiff contests that Defendant's "contractual relationship with a third-party vendor (Net Health)" is confidential because Defendant itself "put their Net Health contracts as exhibits to their motion to quash the original subpoena." (Doc. 364 at 2 (citing Doc. 96, *et. seq*.).) Further, Plaintiff states that Defendant's "access to the data, tables and how the computer system can be searched" cannot be confidential "because Net Health's service as a software program is sold publicly with over 25,000 subscribers." (Doc. 364 at 2.) Finally, Plaintiffs dispute Defendant's indication that "Misstatements of Fact" should be redacted. (*Id.*)

  II.    Standard

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763

F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Judges in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view. *See, e.g., Fla. Virtual Sch. v. K12, Inc.*, No. 6:20-CV-2354-GAP-EJK, 2023 WL 11909904, at *1 (M.D. Fla. Dec. 12, 2023); *Deltona Transformer Corp. v. Noco Co.*, No. 6:19-cv-308-CEM-LRH, 2021 WL

4

4443999, at *1 (M.D. Fla. June 21, 2021) (sealing exhibits reflecting plaintiff's "internal business operations, financials, customer information, competitive strategy, business decisions of the parties, and internal decision making-process"); *Robertson v. Alvarado*, No. 3:18-cv-487-J-34MCR, 2018 WL 1899052, at *2 (M.D. Fla. Apr. 20, 2018) (sealing unredacted version of complaint containing non-public, competitively sensitive, confidential and proprietary information); *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-Orl-40TBS, 2017 WL 2021761, at *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under seal where such documents' exposure could "violate the parties' privacy or proprietary interests"). However, such proposed redactions should be narrowly tailored, as "[w]holesale redaction of pages and paragraphs will be highly scrutinized." *A. L. v. Walt Disney Parks and Resorts US, Inc.*, No. 614CV1544ORL22GJK, 2015 WL 13951518, at *3 (M.D. Fla. Oct. 16, 2015).

### III. Analysis

Defendant offers three reasons for redaction: "Confidential" Testimony or Data, "Competitively Sensitive Information," or "Misstatements of Fact" (Doc. 352 at 4 – 5.) However, in its argument, Defendant only broadly

discusses the "highly confidential, competitively-sensitive" information contained in its (1) system's configuration, information search function, and its internal "design, structure and tables," and (2) contractual relationship with Net Health. (Doc. 352 at 3.) Importantly, Defendant omits any legal support for redacting "Misstatements of Fact," thus, this Court will only assess Defendant's two remaining redaction requests.

Upon review, this Court finds that Defendant has not sufficiently demonstrated that its privacy interests as to the items designated are legitimate or that the threatened harm from disclosure is real. *See Regions Bank v. Kaplan*, No. 8:16-CV-2867-SDM-AAS, 2017 WL 11025768, at *2 (M.D. Fla. Dec. 11, 2017) ("Defendants' blanket assertion that the subject exhibits contain confidential business or financial information is insufficient to show good cause for sealing the filings."); *Aldora Aluminum & Glass Prod., Inc. v. Poma Glass & Specialty Windows, Inc.*, No. 3:14-CV-1402-MMH-JBT, 2016 WL 7666128, at *2 (M.D. Fla. June 13, 2016). Instead, Defendant's "general explanation" as to why redaction "is necessary does not sufficiently establish the confidentiality of [the] information." *Nguyen v. Raymond James & Associates, Inc.*, No. 8:20-CV-195-CEH-AAS, 2022 WL 61198, at *6 (M.D. Fla. Jan. 6, 2022). Consequently, Defendant's Motion is **DENIED.**

### a. Competitively Sensitive Information

Plaintiffs dispute that Defendant's "access to the data, tables and how

the computer system can be searched" is confidential. (Doc. 364 at 2.) This Court agrees absent a showing to the contrary. It is true that "internal business operations, financials, customer information, competitive strategy, business decisions of the parties, and internal decision making-processes" can serve as good cause to redact parts of the record; however, Defendant has not showed how or where the same has been exposed in the Hearing transcript. *Deltona Transformer Corp.*, 2021 WL 4443999, at *1. Instead, Defendant requests to redact sweeping parts of the transcript without explaining the "proprietary, confidential and trade secret" information contained therein. (Doc. 352 at 3.) Thus, Defendant's general assertions do not serve as good cause to redact the transcript. *Nguyen*, 2022 WL 61198, at *6.

b. Contractual Relationship with Net Health

Plaintiffs contend that Defendant's argument "fails because [Defendant] itself put [its] Net Health contracts as exhibits to their motion to quash the original subpoena [DE 96, *et. seq.*]." (Doc. 364 at 2.) However, upon reviewing the cited motion and attached exhibits, Plaintiff curiously fails to inform the Court as to Defendant's footnote therein, which states:

> [In] Exhibits B-E, [Defendant's] contract information with Net Health, **have been redacted to protect confidential and immaterial information.**

(Doc. 96 at 14 (emphasis added).) Thus, although Defendant *does* make

7

public certain portions of its contracts,[1] Defendant does not reveal the entirety of those contracts as Plaintiff attempts to represent. (Doc. 364 at 2.) Nevertheless, this Court is not convinced that Defendant's redaction requests in this regard should be granted.

As Defendant has not pointed this Court to specific instances where intimate details of the contract are shared,[2] the transcript merely mentioning that a contract *exists* is insufficient to serve as good cause because such a relationship is already known. (Doc. 332 at 25, 44.) *See Toms v. State Farm Life Ins. Co.*, No. 8:21-CV-736-KKM-JSS, 2022 WL 2953523, at *9 (M.D. Fla. July 26, 2022) (declining to redact portions of the transcript already included in a memorandum that defendant has already made part of the public record); *Nguyen*, 2022 WL 61198, at *6 (determining that good cause did not exist for redaction to the extent that "some of the matters identified for

---

[1] Upon review, this Court finds that: (1) Exhibit B, "Business Associate Agreement," is unredacted (Doc. 96-2); (2) Exhibit C, "Hosting Service Agreement," is only redated as to its appended "Attachment A: Smart Datacenter Backup" (Doc. 96-3 at 7); (3) Exhibit D, "License, Maintenance, and Hosting Agreement," is only redacted as to its appended "Exhibit A," containing documents and agreements from Optima Healthcare Solutions, Inc. (Doc. 96-4 at 9 – 11); and (4) Exhibit E, "Software License, Installation & Support Agreement," is only redacted as to its appended "Exhibit A: Summary of Prices, Fees, and Payment Terms" (Doc. 96-5 at 14).

[2] This is especially true because Defendant's footnote in its Motion to Quash identifies that certain information was redacted to "protect confidential and immaterial information," however, without more, this Court cannot know what confidential information may have been revealed, and Defendant's broad, unspecific redaction requests do not make that assessment any easier. (Doc. 96, n. 2.)

8

redaction may already be publicly available"). Absent any additional argument or particularity, Defendant has failed to convince this Court that any remark about Defendant's contractual relationship with Net Health should be redacted.

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Redact Transcript (Doc. 352) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, on September 16, 2024.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

9