UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTINE MCLAUGHLIN,
CRYSTAL VANDERVEEN,
JUSTIN LEMBKE, and SCOTT
HARDT, individually and on
behalf of all others similarly
situated,

    Plaintiffs,

v.                                          Case No.: 3:22-cv-59-HES-MCR

SELECT REHABILITATION, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before this Court on "Plaintiffs' Unopposed Motion for Approval of Settlement Agreement and Entry of Stipulated Judgment" (Dkt. 472). In January 2022, Plaintiffs brought this hybrid Fair Labor Standards Act ("FLSA") collective action and Federal Rule of Civil Procedure 23 class action, alleging that Select Rehabilitation, LLC ("Select") failed to compensate them for certain overtime hours. (Dkts. 1, 16). The FLSA collective action encompasses all Select program managers ("PM") and therapists throughout the United States who had been forced to work unpaid overtime in the prior three years. (Dkt. 307 ¶ 57). The Rule 23 class action consists of all Select PMs and therapists employed in Illinois who had been required to work off the clock

during the preceding three years, in violation of Illinois wage laws. (*Id.* ¶ 117). After nearly four years of contentious litigation, Plaintiffs ask this Court to approve the parties' proposed FLSA settlement, which entails the withdrawal of the Rule 23 class action. (Dkt. 472).

### A. Standard of Review

There are two ways an FLSA back wage claim can be resolved. *Lynn's Food Stores, Inc. v. United States Dep't of Lab.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). First, the Secretary of Labor may oversee the payment of back wages under § 216(c) of the FLSA. *Id.* Second, a plaintiff may sue his or her employer under the FLSA and present a proposed settlement to the court. *Id.* In the latter circumstance, the court must review the proposed settlement to ensure it is reasonable and fair. *Id.*

### B. FLSA Collective Action Settlement

The FLSA collective action contains 1,179 plaintiffs. (Dkt. 472 at 3). The settlement establishes a $2,500,000 liquidated damages fund, from which $1,300,000 will be allocated to the PMs, and $1,200,000 will be allocated to the therapists. (*Id.* at 6). Those damages will be paid pro rata based on the number of hours that each class member worked and their rates of pay. (*Id.* at 20-21).

Plaintiffs argue that this settlement is fair and reasonable because, among other things, it was negotiated without collusion between counsel, all parties have an interest in ending this protracted and contentious litigation,

2

the parties have exchanged enough discovery to accurately evaluate the merits of the case, and both sides would face significant risks if this case continued. (Dkt 472 at 10-21). For example, Plaintiffs point out that Select does not have a formal policy requiring off-the-clock work and has set forth a plausible good-faith defense. (*Id.* at 17-19). Plaintiffs also note that if this case were to continue, they would likely face a decertification motion. (*Id.* at 19). This Court agrees with Plaintiffs' assessment and finds that the proposed settlement is fair and reasonable under *Lynn's Food Stores*.

### C. General Release of All Other Employment Claims

Under the proposed settlement agreement, the named plaintiffs have agreed to waive all other employment-related claims for additional sums. (Dkts. 472 at 24-26; 472-1 at 6). The parties represent that these additional sums constitute separate consideration. (Dkt 472 at 24-26). Courts in this district typically approve general releases supported by separate consideration. *Kidd v. Wawa, Inc.*, No. 5:23-cv-694, 2024 WL 3342108, at *2 (M.D. Fla. May 28, 2024), *report and recommendation adopted*, No. 5:23-cv-694, 2024 WL 3342130 (M.D. Fla. June 25, 2024) ("In this District, Courts also approve FLSA settlements with broad releases where the Plaintiff received less than full compensation for her FLSA claim if there was an exchange of independent separate consideration.") This Court agrees with that trend and

3

finds that the general releases signed by the named plaintiffs are fair and reasonable.

### D. Attorney's Fees

The proposed settlement agreement states that Plaintiffs' counsel will receive $2,500,000 in fees and costs. (Dkt. 472 at 26-27). A court need not conduct an in-depth analysis of a fee settlement unless the settlement affects the plaintiffs' recovery or is facially unreasonable. *Diaz v. Trailer Bridge, Inc.*, No. 3:19-cv-00470, 2019 WL 11499356, at *2 (M.D. Fla. Oct. 29, 2019). The fee settlement does not affect Plaintiffs' recovery because it was negotiated separately from the liquidated damages award. *Id.* And it is not facially unreasonable, as it reflects nearly four years of highly adversarial litigation, including extensive discovery, briefing on conditional class certification, and numerous sanctions and discovery motions, hearings, and mediations. Therefore, this Court will approve the attorney's fees settlement without conducting an "in-depth" analysis.[1]

### E. Dismissal of Rule 23 Class Without Prejudice

As part of the proposed settlement agreement, Plaintiffs agreed to withdraw the Rule 23 class action. (Dkt. 472 at 7). They intend to do this by filing a Fourth Amended Complaint, which would remove the class action

---

[1] Because this Court is not conducting an in-depth analysis, it expresses no opinion on the rates claimed by Plaintiffs' counsel.

4

claims and one of the named plaintiffs. (*Id.*) There does not appear to be separate consideration for the withdrawal of the Rule 23 class. (*Id.*) Ordinarily, that fact might bar this Court from approving the proposed settlement. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (explaining that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer.")

However, Plaintiffs represent that after receiving "Select's disclosures, it was apparent to Plaintiffs that continuing to litigate over this class action claim for thousands of employees and many millions of dollars in damages put the 1179 Plaintiffs in this case at tremendous risk of both a greatly diminished recovery or, a zero ($0) dollar recovery." (*Id.*) Thus, Plaintiffs' counsel appears to believe he is ethically bound to withdraw the Rule 23 class action because litigating the Rule 23 claims would adversely affect the plaintiffs in the FLSA collective action. (Dkt. 472 at 7). Because Plaintiffs' counsel would presumably withdraw the class action claims even if this Court denied the settlement, this Court does not find the withdrawal of the Rule 23 class action to be unfair or unreasonable under *Lynn's Food Stores*.

Accordingly, it is **ORDERED** that:

1. "Plaintiffs' Unopposed Motion for Approval of Settlement Agreement and Entry of Stipulated Judgment" (Dkt. 472) is **GRANTED**;

5

2. Plaintiffs shall file the Fourth Amended Complaint within 7 days from the date of this Order;

3. Once the Fourth Amended is filed, this Court will enter judgment for the plaintiffs in the FLSA collective action and dismiss the FLSA collective action with prejudice.

**DONE AND ORDERED** at Jacksonville, Florida, this ___18th___ day of December 2025.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:

Mitchell L. Feldman, Esq.
Benjamin L. Williams, Esq.
Christopher Parlo, Esq.
Andrew Ross Frisch, Esq.
Angeli Murthy, Esq.
Kimberly De Arcangelis, Esq.
Diane G. Walker, Esq.
Carrie B. Hoffman, Esq.
David B. Goroff, Esq.
John A. Tucker, Esq.
Kristen W. Roberts, Esq.
Russel R. Bruch, Esq.
Kathleen McDermott, Esq.
Kayla Stachniak Kaplan, Esq.
Beth S. Joseph, Esq.